NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-588

STATE OF LOUISIANA
VERSUS
RODNEY JACK, ET AL.

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 117249-G
HONORABLE CHARLES PORTER, DISTRICT JUDGE

**********
SHANNON J. GREMILLION
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

APPEAL DISMISSED. APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS.

Walter Sennette, Jr.
Iberia Parish District Attorney's Office
300 Iberia Street
New Iberia, LA 70560
(337) 369-4420
COUNSEL FOR PLAINTIFF/APPELLANT:
    State of Louisiana

Richard Allen Spears
Attorney at Law
101 Taylor Street
New Iberia, LA 70560
(337) 367-1960
COUNSEL FOR DEFENDANT/APPELLEE:
    Rodney Jack
    Charlotte Sophus

GREMILLION, Judge.

On May 13, 2011, this court issued a rule for the plaintiff-appellant, State of Louisiana, to show cause, by brief only, why the instant appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling. This court did not receive a response from appellant. For the reasons assigned below, we dismiss the appeal.

The instant case is a seizure for forfeiture as a result of alleged criminal activity on the part of the defendants. After a preliminary default was entered against the defendants, they filed a declinatory exception of insufficiency of service of process regarding the notices of pending forfeiture. Following a hearing, the trial court granted the exception, and the State gave its oral notice of intent to seek writs. A written judgment was signed on February 9, 2011. Despite timely filing a notice of intent to seek supervisory review on March 9, 2011, the State filed a motion and order for appeal on April 7, 2011. The record in the instant appeal was lodged on May 12, 2011.

The judgment appealed, which granted defendants' declinatory exception of insufficiency of service of process, does not decide the merits of this case and is interlocutory. La.Code Civ.P. art. 1841. Therefore, we hereby dismiss the instant appeal. The State is hereby permitted to file a proper application for writs in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than August 12, 2011. The State is not required to file another notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4–3.

**APPEAL DISMISSED. APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.